UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL THOMAS,

        Plaintiff,

CIVIL CASE NO. 06-11042

v.

DTE ENERGY,

HONORABLE PAUL V. GADOLA
U.S. DISTRICT COURT

    Defendant/Third-Party Plaintiff,

v.

LOCAL 223, UTILITY WORKERS UNION OF
AMERICA, AFL-CIO,

    Third-Party Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Darryl Thomas first filed his complaint on December 16, 2005 in Monroe County Circuit Court. The case was later removed to this Court by Third-Party Defendant Local 223 because of federal question jurisdiction, as the terms and conditions of Plaintiff's employment are governed by collective bargaining agreements under the federal Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff brings claims of discrimination, retaliation, hostile work environment, and infliction of emotional distress against Defendant DTE Energy. Defendant has filed a motion for summary judgment and requests that this Court dismiss Plaintiff's complaint in its entirety. For the reasons below, the Court grants Defendant's motion for summary judgment on all claims, and dismisses this case with prejudice.

    **I.**    **Background**

Plaintiff Darryl Thomas is a current employee with Defendant DTE Energy. When Plaintiff was first hired by Defendant, he was put into an accelerated program for Power Plant Operators. In this program, Plaintiff received an elevated pay grade but was also required to complete certain job instructional training (JIT) tests within a three-month window instead of the normal six-month period. After failing his third JIT test after two attempts, Plaintiff asked about being taken off the accelerated program. Plaintiff then chose to take himself off the accelerated program, and was placed in the normal program at a lower pay grade. Plaintiff claims that this is racial discrimination as it is a demotion by his employer taken because Plaintiff is black.

Plaintiff also alleges that he experienced a hostile work environment because of his race. Plaintiff describes several instances where he was hosed or splashed with water by unknown coworkers. Plaintiff claims that this these actions were motivated by racial discrimination.

## II.  Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v.*

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence

3

of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III. Analysis**

After a review of the factual record and the arguments made by the parties in their briefs, the Court finds that there is no genuine issue of material fact, and that summary judgment in Defendant's favor is appropriate as a matter of law. The Court concludes that even when considering all the facts in the light most favorable to non-moving Plaintiff, there is no possibility that a reasonable jury could return a verdict in Plaintiff's favor on any one of his claims.

First, Plaintiff cannot establish a prima facie case of racial discrimination. To establish a prima facie case of racial discrimination, Plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated individual outside his protected class. *Logan v. Denny's, Inc.*, 259 F.3d 558 (6th Cir. 2001). Here, Plaintiff did not suffer an adverse employment action. The record indicates that Plaintiff voluntarily chose the position at the lower pay grade after asking about the change of position himself. Plaintiff fails to respond to the compelling case law provided by Defendant, demonstrating that a voluntary downgrade in position is not an adverse employment action. *See Simpson v. Borg-Warner Auto., Inc.*, 196 F.3d 873 (7th Cir. 1999); *Greenfield v. Dep't of Treasury*,

4

13 Fed. Appx. 970 (Fed. Cir. 2001). In addition, Plaintiff cannot identify a single similarly situated individual outside Plaintiff's protected class who was treated more favorably than Plaintiff. Accordingly, Plaintiff fails to establish a prima facie case of racial discrimination. The Court further finds that Defendant had a legitimate business reason for the employment action, namely Plaintiff's request for the move, and that there is no evidence that Defendant's business reason was a pretext for discrimination. Moreover, Defendant indicates in its reply that Plaintiff's union and Defendant have resolved Plaintiff's grievance and, consequently, Plaintiff has received reimbursement related to his voluntary demotion.

Second, Plaintiff fails to establish a claim of retaliation. As noted above, Plaintiff did not suffer an adverse employment action. Moreover, there is no evidence of a causal connection between the employment action and Plaintiff's charge of discrimination. *See Barrett v. Kirtland Cmty. College*, 628 N.W.2d 63 (Mich. Ct. App. 2001).

Third, Plaintiff fails to establish that there was a hostile work environment. In the water incidents described by Plaintiff, Plaintiff concedes that Caucasian co-workers also got wet. Plaintiff provides no evidence that the water incidents were directed at Plaintiff because of his race. Considering the totality of the circumstances, the Court cannot find that a reasonable person would perceive that Plaintiff's work environment was tainted by race-based harassment. *See Radtke v. Everett*, 501 N.W.2d 155 (Mich. 1993). In addition, Plaintiff fails to sufficiently establish respondeat superior liability because the facts do not indicate that Plaintiff's supervisor had notice of Plaintiff's claims of racial harassment.

Finally, Plaintiff's claim of intentional infliction of emotional distress fails because Plaintiff cannot establish the existence of any extreme and outrageous conduct. *See Graham v. Ford*, 604

N.W.2d 713 (Mich. Ct. App. 1999).

In conclusion, even after taking the evidence in the light most favorable to Plaintiff, a reasonable jury could not find that Plaintiff is entitled to a verdict on any claim put forward by Plaintiff. There is no genuine issue of material fact, and summary judgment with respect to the entirety of Plaintiff's complaint is appropriate as a matter of law.

Also before the Court is Third-Party Defendant Local 223's motion for summary judgment. In its motion, Local 223 requests that Defendant DTE's claim of joint and several liability with Local 223 be dismissed. As explained above, the Court finds that Defendant DTE is not liable to Plaintiff as a matter of law. Consequently, the issue of joint and several liability between DTE and Local 223 is moot.

**IV.  Conclusion**

For the reasons set out above, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant Local 223's motion for summary judgment [docket entry #9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 06-11042, is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**


Dated:   September 21, 2007				s/Paul V. Gadola
						HONORABLE PAUL V. GADOLA
						UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   September 21, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
         Lance W. Mason; Ellen F. Moss; Jennifer L. Sabourin         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                   .

                                                            s/Ruth A. Brissaud
                                                            Ruth A. Brissaud, Case Manager
                                                            (810) 341-7845